UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS MICHAEL COLT, E-63137,<br>Plaintiff,<br>v.<br>MICHAEL VENARD, Ph.D., et al.,<br>Defendants. | Case No. 15-cv-04688-SK (PR)<br><br>**ORDER OF DISMISSAL**<br><br>Regarding Docket No. 2 |

Plaintiff, a state prisoner at San Quentin State Prison, has filed a pro se complaint under 42 U.S.C. § 1983 seeking declaratory relief and monetary damages "over the preparation and use" of a "fraudulent psychological evaluation in a predetermined decision to deny [him] parole" at his October 2014 parole suitability hearing in violation of his federal constitutional rights. Dkt. #1 (Compl.) at 5. The complaint is properly before the undersigned for preliminary screening because plaintiff has consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c).

## DISCUSSION

A.  Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pro se pleadings must be liberally construed, however. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th

Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

B.  Legal Claims

In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Id. at 487.

When a state prisoner seeks damages in a § 1983 suit, the district court therefore must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. Id. The same holds true when a state prisoner seeks declaratory and/or injunctive relief in a § 1983 suit; if success in the § 1983 suit would necessarily imply the invalidity of the prisoner's confinement or its duration, the suit is barred no matter the relief sought or the target of the prisoner's suit. Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005).

Heck can apply to a prisoner's § 1983 suit that calls into question the denial of parole. In Butterfield v. Bail, 120 F.3d 1023, 1024 (9th Cir. 1997), the Ninth Circuit held that Heck barred a § 1983 suit for damages where the prisoner alleged that defendants violated his due process rights by considering false information in his prison file to find him ineligible for parole. The court reasoned that a challenge to the denial of parole,

1   whether based upon procedural defects in the parole hearing or upon allegations that parole
2   was improperly denied on the merits, directly implicates the validity of the prisoner's
3   continued confinement.  Id.  And in McQuillion v. Schwarzenegger, 369 F.3d 1091, 1097
4   (9th Cir. 2004), the Ninth Circuit similarly held that Heck barred a § 1983 suit for damages
5   where two prisoners alleged parole officials "willfully and intentionally conspired to
6   inaugurate an illegal 'underground' policy . . . to block paroles in perpetuity of term-to-life
7   prisoners such as plaintiffs."  The court reasoned that the plaintiffs' damages claims were
8   based on deceit and bias on the part of the decisionmakers, and "imply the invalidity of
9   their confinement insofar as their prolonged incarcerations are due to the purported bias of
10  state officials."  Id. (citing Edwards v. Balisok, 520 U.S. 641, 649 (1997) (Ginsburg, J.,
11  concurring) ("I agree that Balisok's claim is not cognizable . . . to the extent that it is
12  'based on allegations of deceit and bias on the part of the decisionmaker,' . . . [and]
13  'necessarily impl[ies] the invalidity of the punishment imposed.'").

14      But the Supreme Court since has clarified that prisoners challenging state parole
15  procedures may be able to proceed under § 1983.  In Wilkinson v. Pliler, 544 U.S. 74
16  (2005), two Ohio state prisoners challenged the retroactive application of new, harsher
17  parole guidelines to their pre-guidelines cases as violative of the Ex Post Facto and Due
18  Process Clauses.  544 U.S. at 76-77.  The Court held that the plaintiffs' claims could
19  proceed under § 1983 because their success (i.e., relief rendering the new, harsher parole
20  guidelines invalid as to the plaintiffs) would not necessarily demonstrate the invalidity of
21  the plaintiffs' confinement or its duration.  Id. at 82.  Although the prisoners' ultimate goal
22  was to obtain speedier release under more favorable parole procedures, their success in
23  obtaining such procedures in their § 1983 suit would not necessarily mean speedier release
24  because parole was not guaranteed under the different procedures.  Id.

25      Unlike the plaintiffs in Wilkinson, plaintiff here does not seek to invalidate the state
26  parole procedures used to deny him parole; rather, he seeks to invalidate the decision to
27  deny him parole and his subsequent continued incarceration by claiming that defendants
28  prepared and used a fraudulent psychological evaluation in a predetermined decision to

deny him parole at his October 2014 parole suitability hearing. Put simply, the gravamen of plaintiff's complaint is that defendants wrongly denied him parole on the merits on October 2014 and caused his "prolonged and unjust incarceration." Dkt. #1 at 17, 18 & 20. But a judicial determination that defendants wrongly denied plaintiff parole on the merits on October 2014 and caused his prolonged and unjust incarceration would necessarily imply the invalidity of plaintiff's continued incarceration. See Wilkinson, 544 U.S. at 82. After all, "[f]ew things implicate the validity of continued confinement more directly than the allegedly improper denial of parole." Butterfield, 120 F.3d at 1024.

Under the rationale of Heck, this court cannot entertain plaintiff's § 1983 suit because a judgment in favor of plaintiff would necessarily imply the invalidity of plaintiff's continued incarceration due to a wrongful decision to deny him parole which has not already been invalidated. Plaintiff's suit must be dismissed without prejudice for failure to state a cognizable claim under § 1983. See Edwards v. Balisok, 520 U.S. 641, 649 (1997); Trimble v. City of Santa Rosa, 49 F.3d 583, 585 (9th Cir. 1995).

## CONCLUSION

For the foregoing reasons, the complaint is DISMISSED under the authority of 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted. The dismissal is without prejudice to plaintiff (1) filing a petition for a writ of habeas corpus under § 2254 challenging the October 2014 denial of parole (after exhausting state judicial remedies), or (2) reasserting his claims in a new § 1983 complaint if the October 2014 denial of parole is invalidated.

The clerk shall enter judgment in accordance with this order, terminate all pending motions as moot (see dkt. #2) and close the file.

**IT IS SO ORDERED.**

Dated:  October 26, 2015

_____
SALLIE KIM
United States Magistrate Judge